### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **NEAL AND AMITHA VERMA** | § | |
| | § | |
| **Petitioners** | § | |
| | § | |
| **V.** | § | **DOCKET NO. _____** |
| | § | |
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **Defendant** | § | |

### COMPLAINT FOR REFUND OF ALLOWABLE CARRYBACK NET OPERATING LOSSES

Petitioners, NEAL AND AMITHA VERMA , by and through their attorney, Keith A. Cothroll, for their Complaint against Defendant, the United States of America, alleges as follows:

### NATURE OF THE CASE

1.      Plaintiffs filed amended 1040X returns for 2014, 2015 and 2016 with a postmark date of October 21, 2019.  The purpose of the amendments was to carry back net operating losses due to the 2017 Hurricane Harvey storm.  These losses were considered qualified disaster losses from damage to their rental properties. The allowable carryback period was five years so all amended returns were within that timeframe.

On February 12, 2020, the Internal Revenue Service, hereinafter, "IRS", issued a letter requesting additional information. The petitioners CPA complied and provided the necessary information. The 2014 refund was processed by the IRS, but the 2015 and 2016 were not processed at the same time. The Petitioners' CPA contacted the IRS many times in 2020 and 2021 and eventually was told that the reason why only 2014 was processed was because the IRS did not realize 2015 and 2016 were included behind 2014. On April 30, 2021, the IRS confirmed that it was their mistake that the 2015 and 2016 amendments were not processed. They promised to get back to the taxpayers' CPA but failed to do so.

Eventually, on April 11, 2022, the IRS processed the 2015 and 2016 amendment and sent a letter CP21B reducing the refund from $453,162 to only $120,107 in 2015. For 2016, the refund was reduced from $347,477 to $286,158.84.  The CPA sent a response to the IRS attached as Exhibit A explaining why the net operating losses should not have been limited.  Her explanation was that the amendments were timely filed due to the extension granted by the IRS and 7508A for areas affected by TS Imelda. That extension allowed for an extension up to January 31, 2020, to file most tax returns that have either

an original or extended due date occurring on or after Sept. 17, 2019 and before Jan. 31, 2020. See also, IRS Notice TX 2019-12, Revenue Procedure 2018-58 and Treasury Reg. § 301.7508A-1.  The Petitioners amended returns all fell within the time parameters set out by the IRS.

On March 30, 2022, the IRS submitted a letter 105C denying the 2015 refund due to it being filed past the statute of limitations. The IRS claimed that the deadline to file was October 17, 2019 and the postmark on the return was October 21, 2019. Once again, the Petitioners CPA argued that the return was timely due to the extension granted by TS Imelda. On June 8, 2022, an appeal was filed, but nothing came of it.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1346(a).

3. Venue is proper in the United States District Court for the Southern District of Texas under 28 U.S.C. §1391(e)(1) because a substantial part of the events giving rise to the claim against the United States occurred in this district, and because Petitioners reside in this district.

## PARTIES

4. Petitioners Neal and Amita Verma are individuals residing in Harris County of the State of Texas.

5. Defendant, the United States of America, is the federal government formed under the Constitution of the United States of America with its capital in Washington, D.C.

## GENERAL ALLEGATIONS

## The IRS Incorrectly Barred Petitioners Claims for Refund

6. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

7. The IRS claimed under IRC sec. 6511 (d)(2)(A) that the Petitioners refund claims were barred and filed past the statute of limitations.

8. However, the IRS failed to recognize and follow the TS Imelda disaster area extension they granted under IRS Notice TX 2019-12, Revenue Procedure 2018-58 and Treasury Reg. § 301.7508A-1.

9. The IRS is authorized by Section 6402 of the Internal Revenue Code to refund an overpayment of federal taxes to the person who made the overpayment. Section 7422 of the Internal Revenue Code mandates that no suit for "the recovery of any internal revenue

tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority" shall be maintained in any court until a claim for refund has been filed. Pursuant to <u>Section 6532(a)</u> of the Internal Revenue Code, no suit for the recovery of any internal revenue tax, penalty, or other sum shall begin before the expiration of six months from the date of the filing of the administrative claim for refund, unless the claim is disallowed by the IRS prior to the six month period.

10. Petitioners filed amended returns for 2014, 2015 and 2016 claiming refunds. 2014 was granted so the remaining refunds the subject of this suit are 2015 and 2016. The amended returns were filed in lieu of Form 843. See, Treas. Reg. sec. 301.6402-3.

11. Petitioners 2015 and 2016 Claims for Refund provided Defendant with adequate notice that they sought a refund of $453,162.00 and $347,477.00 for the 2015 and 2016 tax years respectively.

12. More than six months have elapsed since the date of the filing of Petitioners Claims for Refund.

13. Defendant exceeded its statutory authority by asserting the IRC 6511 (d)(2)(A) despite their own directives extending the time to amend returns. Had they followed their directives, the refund claims would have been processed in full.

## PRAYER FOR RELIEF

WHEREFORE, Petitioners pray for the following relief:

A. For the Court to find that the 2015 and 2016 amendments were filed timely and require the IRS to issue refunds of $453,162.00 and $347,477.00 for the 2015 and 2016 tax years respectively.

B. An award of attorney fees, costs, and other expenses incurred by Petitioners to the extent allowed by law; and

C. Such relief as the Court deems just and proper.

Date: March 29, 2024

Respectfully Submitted,

_____
By: Keith A. Cothroll
The Law Firm of Keith A Cothroll, PLLC
TX State Bar No. 24050454
Fed ID: 3144278
8215 Long Point Rd Ste 8
Houston, TX 77055

PH: 832 440 4440
FX: 832 550 2140
kcothroll@cothlaw.com
*Attorney for Petitioners*